UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| STERLING SAVINGS BANK, | ) | |
| | ) | NO. CV-12-0368-LRS |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs | ) | PROTECTIVE ORDER |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**BEFORE THE COURT** is a Motion for Protective Order (ECF No. 25), filed by defendant Federal Insurance Company ("Federal"). The motion requests that this Court protect defendant from answering plaintiff Sterling Savings Bank's ("Sterling") discovery requests, filed in Spokane County Superior Court prior to the matter's removal to this Court. Plaintiff responds with a counter-motion to compel defendant to participate in a Fed. R. Civ. P. 26(f) conference and subsequently respond to its discovery  requests (ECF No. 33).

## I. BACKGROUND

Plaintiff is a Washington state chartered bank doing business in Spokane, Washington (ECF No. 1). Plaintiff has a liability insurance policy provided by defendant, an insurance company incorporated in

ORDER DENYING PROTECTIVE ORDER - 1

Indiana with its principal place of business in New Jersey. *Id*. On April 24, 2012, plaintiff filed suit against defendant in Spokane County Superior Court, alleging breach of contract, breach of duty of good faith, unreasonable denial of a claim of coverage, and violation of the Washington Consumer Protection Act (ECF No. 1 at 24-27).

On May 17, 2012, plaintiff mailed its Requests for Production, Interrogatories, and Requests for Admissions to defendant, pursuant to Washington Rules of Civil Procedure (ECF No. 33). On May 30, 2012, defendant moved for removal to federal court based upon original jurisdiction and diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 1441, respectively (ECF No. 1). On June 5, 2012, defendant filed a Motion for Extension of Time to File Answer (ECF No. 8), which was granted, and this Court ordered an answer to the complaint by June 20 (ECF No. 21). On June 20, 2012, defendant filed a Rule 12(b)(6) Motion to Dismiss in lieu of an answer to the complaint (ECF No. 29). That Motion is scheduled for oral argument on September 6, 2012.

Counsel for both parties participated in a "telephonic discovery conference" on June 15, 2012, during which no agreement was reached regarding the discovery requests or a Rule 26(f) conference (ECF No. 34). Defendant asserts that "[we] were unable to resolve the current issue without the necessity of filing this Motion [for protective order]" (ECF No. 26 at 2).

Plaintiff asserts that it has repeatedly requested that defendant answer plaintiff's requests for discovery, proposing a deadline of 30

ORDER DENYING PROTECTIVE ORDER - 2

days past the June 20, 2012 date upon which an answer to plaintiff's complaint was due (ECF No 34). Plaintiff asserts that the discovery requests filed in state court, though pre-removal, are still viable and defendant must respond (ECF No. 33). Failing that, plaintiff asserts that because defendant has evaded setting a Rule 26(f) conference to initiate discovery, the Court should grant its motion to (1) compel such a conference; and (2) compel defendant to answer its requests for discovery 30 days after the conference is held. *Id*.

Defendant asserts that the requests for discovery which were filed in state court are "outside the scope of [defendant]'s obligations under the Federal Rules of Civil Procedure" (ECF No. 26 at 3), that no discovery requests can be made until a Fed. R. Civ. P. 26(f) conference occurs (ECF No. 26), and that such a conference need not be scheduled on a date certain until this Court sets a scheduling order[1] (ECF No. 27). Defendant asserts that because the requests were filed in state court before removal, and that no Rule 26(f) conference has occurred, they are under no obligation to respond (ECF No. 27). Further, because no scheduling order has been set, and a Rule 12(b)(6) Motion to Dismiss is pending, it is "not practicable," pursuant to Rule 26(f), to schedule a Rule 26(f) conference (ECF No. 35). Defendant has filed its Motion for

---

[1]Fed. R. Civ. P. 26(f) states in relevant part: "... the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

ORDER DENYING PROTECTIVE ORDER - 3

Protective Order (ECF No. 25), requesting that the Court protect defendant from all of plaintiff's requests for discovery.

## II. STANDARD OF REVIEW

### A. Effect of Removal on Discovery Requests

28 U.S.C. § 1450 provides in relevant part: "Whenever any action is removed from a State court to a district court of the United States ... All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court."

The Ninth Circuit has held that "'[a]fter removal, the federal court takes the case up where the State court left it off.'" *Jenkins v. Commonwealth Land Title Ins.*, 95 F.3d 791 (9th Cir. 1996). However, other Courts of Appeals have held that such "proceedings" as mentioned in § 1450 do not include requests for discovery filed in state court before a case was removed. *See McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986). Once a case is removed to Federal court, the Federal Rules of Civil Procedure apply, and discovery may not begin until after a Rule 26(f) conference has been held. *Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D. Tex. 2005). "By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Id.* As such, pursuant to Rule 26(f), if a conference has not occurred, parties "may not seek discovery from any source" in the absence of a stipulation or court order. FRCP 26(d).

///

ORDER DENYING PROTECTIVE ORDER - 4

**B. Protective Orders**

FRCP 26(c)(1) governs the granting of protective orders in discovery matters. It states, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... . Fed. R. Civ. P. 26(c)(1)

In order to show "good cause," the moving party must show "specific prejudice or harm" will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003). The party must meet this burden for each specific document it wishes to be protected. *Id*. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc., v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)(quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (internal quotation marks omitted)). Even if good cause is shown, a court must still balance the public and private needs to determine whether a protective order is necessary and state the factors the court weighed. *Foltz*, 331 F.3d at 1130.

## III. DISCUSSION

Defendant is correct in asserting that plaintiff's discovery requests, filed in state court before the instant case was removed, are no longer binding in Federal court. An abundance of case law

ORDER DENYING PROTECTIVE ORDER - 5

substantiates the notion such discovery requests do not count as "proceedings" pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court. At the time of removal, the Federal Rules of Civil Procedure become the controlling guidelines for all procedural aspects of a case removed to Federal court, and pursuant to them, discovery shall not commence until the parties participate in a Rule 26(f) conference.

*McIntyre* is particularly instructive, as it deems such state court-filed discovery requests an "effort to escape the application of the district court's procedural rules." *McIntyre*, *supra*, 794 F.2d at 1025. That court also found a party's interpretation of § 1450's use of "proceedings" in state court to include discovery requests to be "wholly without support in the case law." *Id*. Plaintiff does note its assertion that "proceedings" includes discovery requests is "arguable" (ECF No. 33 at 4).

The case law plaintiff cites in support of its argument does not, in fact, speak directly to the issue at hand, and, as defendant notes, Plaintiff's argument has been rejected by other courts. *See, e.g.* *McIntyre*, 794 F.2d at 1025; *Riley,* 233 F.R.D. at 498. As such, this Court determines that the discovery requests filed in state court by plaintiff before this action was removed are no longer in effect. The action is now in Federal court, where the Federal Rules of Civil Procedure control. In the absence of agreement by the parties, those rules require participation in a Rule 26(f) conference before discovery may be

ORDER DENYING PROTECTIVE ORDER - 6

initiated. The parties agree that no such conference has occurred; as such, no requests for discovery are permitted at this time.

Because the requests for discovery filed in state court before the present action was removed are no longer viable pursuant to the Federal Rules of Civil Procedure, defendant's Motion for Protective Order is now moot. Plaintiff is on notice that a Rule 26(f) conference is required before discovery requests may be propounded; as such, court-ordered protection of discoverable documents is not necessary. Even so, in its Motion, defendant has failed to make the required "good cause" showing for such a Protective Order.

A moving party must demonstrate that "specific prejudice or harm" would occur if the order were not granted. In its motion, defendant has failed to make such a demonstration, beyond the fact that defendant is not bound by the Federal Rules of Civil Procedure to comply with the discovery requests. Nothing about the nature of the discovery requests indicates that it would prejudice or harm defendant if protection were not granted – defendant's objection is entirely procedural.

Additionally, defendant's assertion that its pending Rule 12(b)(6) Motion to Dismiss should preclude discovery need not be addressed, since the Federal Rules of Civil Procedure now govern this action and discovery cannot begin until the parties engage in a Rule 26(f) conference. Though case law is ambiguous as to whether an impending motion on the pleadings should influence a stay of discovery, this Court need not decide the issue because no discovery is permitted at this time.

ORDER DENYING PROTECTIVE ORDER - 7

The foregoing notwithstanding, the Court sees no reason to delay setting a telephone status conference with parties for the express purpose of establishing appropriate time lines and hearing dates to be set forth in a scheduling order. Accordingly, the court clerk is herewith directed to set a telephone status conference within the next thirty (30) days for the express purpose of adopting a schedule for the handling of this case. The parties shall timely confer prior to the telephonic scheduling conference with the Court and submit either joint or separate scheduling proposals for the Court's consideration. In light of the foregoing, Plaintiff's counter motion (ECF No. 33) requiring defendant to participate in a Rule 26(f) conference is DENIED as moot. A schedule for discovery will, of course, be included in the scheduling order issued by the Court following the telephone status conference with the parties.

**IV. CONCLUSION**

Plaintiff Sterling Savings Bank's requests for discovery, filed in state court before the matter was removed to this Court, are not "proceedings" pursuant to 28 U.S.C. § 1450, and are no longer in effect. The matter is now governed by the Federal Rules of Civil Procedure, which state that a Rule 26(f) conference must take place before discovery is initiated. No such conference has occurred – therefore, discovery may not begin and the need for defendant Federal Insurance Company's Motion for Protective Order (ECF No. 25) is denied as moot. Plaintiff's Motion to Compel, ECF No. 33, is also denied. The parties, however, are reminded

ORDER DENYING PROTECTIVE ORDER - 8

of their obligations under Rule 26 and are urged to participate, in good faith, with those requirements.

**IT IS ORDERED:**

1. Defendant's Motion for Protective Order, **ECF No. 25, is DENIED.**

2. Plaintiff's Motion to Compel, **ECF No. 33, is DENIED.**

**IT IS SO ORDERED.**   The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 1st day of August, 2012.

*s/Lonny R. Suko*

_____
                LONNY R. SUKO
        UNITED STATES DISTRICT JUDGE

ORDER DENYING PROTECTIVE ORDER - 9